## BAKER *v.* AYERS.

Opinion delivered March 10, 1894.

1. *Attachment—Irregularity—Right of junior attacher to object.*
   Failure to incorporate in a complaint in attachment matters which should appear therein, but which sufficiently appear in the affidavit, is a mere irregularity of which a junior attaching creditor can take no advantage.

2. *Attachment—Claim not due—Issuance of writ.*
   A writ of attachment issued by the clerk upon a claim not due, under sec. 362, Mansf. Dig., in the absence of an order of the court or judge, is conclusive evidence that the clerk granted it, and of the amount for which it was allowed; and an order in writing, made by the clerk, directing himself to issue the writ, is unnecessary.

Appeal from Sebastian Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

*Rowe & Rowe* for appellants.

1. An intervenor is not allowed to step in and defend the suit, or dispute the grounds of attachment, in lieu of the defendant. 47 Ark. 41.

2. The affidavit for attachment followed the statute. Mansf. Dig. secs. 361–2–3–4, 309; 44 Ark. 404.

3. The Clerk had authority to issue the attachment. No written order was necessary. 4 U. S. Ct. App. p. 1; Mansf. Dig. sec. 362.

*T. P. Winchester* for appellee.

1. Appellants did not bring themselves within the statute, the note not being due. Mansf. Dig. secs. 361–364.

2. A failure to make the order for the attachment is fatal.

BATTLE, J. On the second day of December, 1891, E. Baker & Co. commenced an action in the Sebastian

circuit court against W. J. Forbes, and sued out an order of attachment therein, and caused it to be levied on the goods and chattels of the defendant. They stated in their complaint, which was verified by oath, that the defendant was indebted to them in the sum of $348, and ten per cent. per annum interest thereon from the first of December, 1891, until paid, as evidenced by his promissory note thereto attached. The note so attached is a promise of the defendant to pay to the plaintiff on the first day of December, 1891, $368 and ten per cent. per annum interest thereon "from due until paid." It is alleged in the complaint that twenty dollars has been paid on the note, thereby leaving $348 and interest still remaining unpaid. An affidavit was filed with the complaint, in which it is stated that the claim in the action is for money due on a note; that the claim is just; that, " he ought to, as he believes, recover thereon the sum of $348; that the defendant had sold, conveyed or otherwise disposed of his property, or suffered or permitted it to be sold with the fraudulent intent to cheat, hinder and delay his creditors, and is about to sell, convey or otherwise dispose of his property with such intent." The affidavit closes with a prayer for an order of attachment, and judgment, and other proper relief.

After E. Baker & Co. had sued out an order of attachment, W. N. Ayers & Co. commenced an action in the Sebastian circuit court against the same defendant, and sued out an order of attachment therein, and caused the same to be levied on the property attached in the first action, but after it had been seized under the first order of attachment. After this, they (W. N. Ayers & Co.) filed, by leave of the court, a motion in the first action to discharge the attachment therein for the following reasons:

(1) Because the action was brought before the note sued on was due.

(2) "Because the plaintiff made and filed no affidavit of debt not due as required by law, (or) as to when the claim would become due."

(3) Because "said attachment was not granted by the court, or the clerk or judge thereof in vacation."

The motion was sustained by the court, and E. Baker & Co. appealed.

The statutes of this State, which are contained in Mansfield's Digest, provide as follows:

"Sec. 361. In an action brought by a creditor against his debtor, the plaintiff may, before his claim is due, have an attachment against the property of the debtor, where—

*First.* He has sold, conveyed or otherwise disposed of his property, or suffered or permitted it to be sold, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts ; or

*Second.* Is about to make such fraudulent sale, conveyance or disposition of his property with such intent.    *    *    *    *    *    *    *

Sec. 362.    The attachment authorized by the last section may be *granted* by the court in which the action is brought, or the clerk or judge thereof, or any circuit judge, in vacation, where the complaint, verified by oath of the plaintiff, his agent or attorney, shows any of the grounds for attachment enumerated in that section, and the nature and amount of the plaintiff's claim, and when the same will become due.

Sec. 363.    The order of the court, or the clerk or judge, granting the attachment shall specify the amount for which it is allowed, not exceeding a sum sufficient to satisfy the plaintiff's claim and the probable costs of the action.

Sec. 364.    The order of the attachment, as granted by the court, or the clerk or judge, shall not be issued

by the clerk until there has been executed in his office such bond on the part of the plaintiff as is directed in cases of attachment, and the provisions of this chapter, as far as they are applicable, shall apply to attachments for debts not due."

The words "or the clerk" do not appear in sections 363-4 as enacted, but were inserted by the digester to make them conform to section 362, which is section 438 of Gantt's Digest, as amended by the act of March 18, 1881.

The complaint, the note thereto attached (which is a part of it) and the affidavit, filed in this action, allege what is required to be shown in the complaint by section 362. They are a substantial compliance with that section. The failure to incorporate in the complaint all that is said in the affidavit is a mere irregularity, of which the junior attaching creditor can take no advantage. *Sannoner* v. *Jackson*, 47 Ark. 31; *Rice* v. *Dorrian*, 57 Ark. 545.

1. Who may object to irregularities in attachments.

Section 362 of Mansfield's Digest does not confer upon the clerk the authority to issue an order of attachment, but merely authorizes him, upon the conditions therein named, to grant it, as it does the court or judge thereof. If it should be so interpreted as to give him the right to issue the order of attachment, then, by the same rule of construction, it would authorize the court, or the judge thereof, to issue the same—a construction forbidden by the sections which follow. The order of the court or judge granting it must necessarily be made in writing; for the authority of the clerk to issue it in pursuance thereof could not appear unless the order of the court or judge was in writing. This is not true as to the clerk. The order of attachment issued by him, in the absence of an order of the court or judge, is conclusive evidence that he granted it, and the amount for which it was allowed. An order in writing made by the clerk

2. As to issuance of writs on claims not due.

directing himself to issue the order of attachment for a specified amount would be a superfluous proceeding, and is wholly unnecessary. *People's Saving Bank and Trust Co.* v. *Balchelder Egg Case Co.* 4 U. S. Appeals, 603.

The judgment of the circuit court discharging the first attachment is reversed; and the cause is remanded for proceedings not inconsistent with this opinion.